UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUTH TERNA YAKOBU,

                Plaintiff,

           -against-                            24-CV-7732 (LLS)

RIVER PLACE II, LLC; TFC CORNSTONE        ORDER OF DISMISSAL
PROPERTIES (OWNER); MICROSOFT
CORP.,

                Defendants.

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. By order dated February 13, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff's claims arose from February 2, 2022, to the present, in various locations, including the Maxx Apartments, Silver Towers apartments, and the Microsoft office in Time Square, New York.

Plaintiff's electronic devices were "constantly hacked." (ECF 1 at 5.) While this was occurring, Plaintiff's neighbor would "simultaneously start stomping at the floor above or next to [her]." (*Id.*) In addition, Plaintiff "would have random phone calls at the same time" as the hacking was occurring. (*Id.*) Plaintiff reported this to the management of her apartment building, Maxx apartment, but her reports "were ignored." (*Id.*)

Plaintiff "stored multiple evidence" of the "abnormal computer behavior" on both her laptop and on an external hard drive, but "the evidence was tampered [with] by someone entering [her] apartment and erasing the evidence." (*Id.* at 6.) Moreover, Plaintiff "had multiple people stalking" her and "random strangers mocking [her] on the streets of New York." (*Id.*) Plaintiff moved from the Maxx apartments to Silver Towers apartments, but "the behavior continued." (*Id.*)

Plaintiff brings this suit against Microsoft and two entities affiliated with rental apartments, River Place II, LLC, and TFC Cornerstone Properties (sued a TFC "Cornstone" Properties). Plaintiff contends that she suffered loss of employment and depression, anxiety, and panic attacks. She does not specify the relief that she seeks.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

**DISCUSSION**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff provides no factual basis for her assertions that Defendants are responsible for the alleged stalking and the tampering with and hacking of her electronic devices. Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations do not state a plausible claim for relief against the named Defendants, and there is no legal theory on which she can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, the Court dismisses this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: May 12, 2025
       New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                           U.S.D.J.